# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ROBERTO MARTINEZ, | CASE NO. 1:09-cv-01994-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, |
| v. | WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| MERCY HOSPITAL OF BAKERSFIELD, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

_____/

### Findings and Recommendations Following Screening of Complaint

**I.    Summary of Case**

Plaintiff Luis Roberto Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the Americans with Disabilities Act (ADA)), and 29 U. S. C. § 794 (the Rehabilitation Act (RA)) on November 13, 2009. Plaintiff seeks to impose liability on Mercy Hospital of Bakersfield, an unidentified nursing supervisor, a Jane Doe certified nursing assistant, and Cloe/Cleo, a registered nurse, for violation of his rights under the Eighth Amendment of the United States Constitution, the ADA, and the RA.

Plaintiff, a paraplegic incarcerated at the California Substance Abuse Treatment Facility, was taken to the emergency room at Mercy Hospital on May 5, 2009, for a serious urinary tract infection. Plaintiff was admitted to the hospital for five days, during which time he was unable to take a shower due to the unavailability of a shower bench. Plaintiff was provided with a sponge bath on May 7, 2009, and was thereafter offered sponge baths in response to his requests to shower. Plaintiff

1

1  contends sponge baths were an unacceptable alternative because they left him feeling itchy, although

2  Plaintiff was provided with anti-itch cream following his complaint of itchiness.

3         Plaintiff alleges that the failure to accommodate his request for a full shower violated his

4  Eighth Amendment rights, and was discriminatory, in violation of the ADA and the RA.

5  **II.    Screening Requirement**

6         The Court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The

8  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

12 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

13 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

14 **III.   Screening Standard**

15        A complaint must contain "a short and plain statement of the claim showing that the pleader

16 is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

17 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

18 do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

19 Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

20 indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

21 (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

22 conclusions are not.  Iqbal, 129 S.Ct. at 1949.

23        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

24 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

25

26        [1] Although Mercy Hospital is a private entity, Plaintiff seeks to impose liability against it and its employees

27 under section 1983 and he alleges they were acting under color of law.  A private party may be found to be a state actor by virtue of a contract with the state to provide services.  E.g., Pollard v. GEO Group, Inc., No. 07-16112,

28 2010 WL 5028447, at *8-13 (9th Cir. Dec. 10, 2010).  In any event, Plaintiff is also proceeding in forma pauperis and this action is subject to screening under the in forma pauperis statute.  28 U.S.C. § 1915(e)(2)(B)(ii).

1  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct.

2  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility

3  of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,

4  572 F.3d at 969.

5  **IV.    Plaintiff's Claims**

6       **A.    Eighth Amendment Claim**

7       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

8  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

9  U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise

10 to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner

11 of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

12 deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

13 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official

14 does not act in a deliberately indifferent manner unless the official "knows of and disregards an

15 excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

16 (1994).

17      Assuming without deciding that the hospital and its medical staff acted under color of law

18 as state contract providers, see e.g., Brentwood Academy v. Tennessee Secondary School Athletic

19 Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Pollard v. GEO Group, Inc., No. 07-16112, 2010

20 WL 5028447, at *8-13 (9th Cir. Dec. 10, 2010); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d

21 950, 954-55 (9th Cir. 2008), there are no factual allegations supporting a claim that staff knowing

22 disregarded an excessive risk of harm to Plaintiff's health while Plaintiff was in the hospital.  The

23 Eighth Amendment serves to protect inmates only against those conditions which involve the wanton

24 and unnecessary infliction of pain or which are repugnant to the conscience of mankind.  E.g.,

25 Farmer, 511 U.S. at 833-34; Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976); Jett v. Penner,

26 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi, 391 F.3d at 1056-57.  Plaintiff's claim arises from

27 staff's failure to accommodate his request to take a regular shower, although he was offered sponge

28 ///

1    baths as an alternative. The Court finds Plaintiff's Eighth Amendment claim is not cognizable, and

2    the Court recommends dismissal of the claim, with prejudice.

3        **B.    ADA and RA Claims**

4        Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of

5    disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of

6    Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2)

7    [he] was excluded from participation in or otherwise discriminated against with regard to a public

8    entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of

9    [his] disability," and "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he]

10   is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or

11   services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and

12   (4) the program providing the benefit or services receives federal financial assistance." Lovell, 303

13   F.3d at 1052.

14       Plaintiff's claims under the ADA and the RA are barred for the following reasons. Individual

15   liability is precluded under the ADA and the RA, A.W. v. Jersey City Public Schools, 486 F.3d 791,

16   804 (3d Cir. 2007); Green v. City of New York, 465 F.3d 65, 78-9 (2d Cir. 2006); Garcia v.

17   S.U.N.Y. Health Services Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Roundtree v. Adams,

18   No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005), and Mercy

19   Hospital is not a public entity, entitling it to dismissal of the ADA claim, Edison v. Douberly, 604

20   F.3d 1307, 1308-10 (11th Cir. 2010); Green, 465 F.3d at 78-9.

21       Further, Plaintiff was not denied medical care by the hospital on the basis of his disability,

22   and the handling of Plaintiff's medical care as it related to his hygiene, as described in the complaint,

23   does not provide a basis upon which to impose liability under the RA or the ADA. See e.g., Burger

24   v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA

25   or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA

26   not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d

27   1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant

28   v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical

malpractice.").  The Court recommend Plaintiff's ADA and RA claims against Mercy Hospital and its staff members be dismissed, with prejudice.

## V.    Conclusion and Recommendation

Plaintiff's complaint fails to state a claim under section 1983, the ADA, or the RA.  The deficiencies are not curable through amendment, and the Court RECOMMENDS this action be dismissed, with prejudice, for failure to state a claim.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 7, 2011**                    _____/s/ Sandra M. Snyder_____
                                                  UNITED STATES MAGISTRATE JUDGE